**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ABIMAEL ZARATE-CUEVAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-72565

Agency No. A205-465-906

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022**

Before:  SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Abimael Zarate-Cuevas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT") and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his motions to remand.

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).  We review de novo whether a petitioner has been afforded due process.  *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).  We review for substantial evidence the agency's factual findings.  *Conde Quevedo,* 947 F.3d at 1241.  We review for abuse of discretion the denial of a motion to remand.  *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  We deny the petition for review.

The agency did not err in concluding that Zarate-Cuevas did not establish membership in a cognizable particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'") (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Santos-Ponce v. Wilkinson,* 987 F.3d 886, 890 (9th Cir. 2021) (the proposed particular social group of "minor Christian males who oppose gang membership" is not sufficiently particular or socially distinct)*;Ramos-Lopez v. Holder,* 563 F.3d 855,

861-862 (9th Cir. 2006) (concluding that young Honduran men who resisted gang recruitment failed the particularity requirement and lacked the requisite social visibility), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

Substantial evidence supports the agency's conclusion that Zarate-Cuevas otherwise failed to establish he would be persecuted on account of a protected ground.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Zarate-Cuevas' withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Zarate-Cuevas failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Zarate-Cuevas' motions to remand because he failed to establish a prima facie case that his removal would cause exceptional and extremely unusual hardship to his qualifying relative, a U.S.

---

[1] Zarate-Cuevas argues he was or would be persecuted on account of his religion, but he failed to exhaust that claim before the agency. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) ("[T]he Board does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained.").

citizen child.  *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA can deny a motion to remand for failure to establish a prima facie case for the relief sought); *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010) (noting that the exceptional and extremely unusual hardship standard for cancellation of removal is a very demanding one).  The BIA considered the evidence Zarate-Cuevas submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant a remand.  *See Movsisian,* 395 F.3d at 1098 (the BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law).

We reject as unsupported by the record Zarate-Cuevas' contentions that the agency violated due process, applied incorrect legal standards, or otherwise erred in the analysis of his claims.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**